## WELCH *vs.* ALLEN & SILLIMAN.

Where a *trust* of lands is wholly nominal, the trust becomes executed by the statute in the *cestui que trust*, who may maintain ejectment for the recovery of the lands *in his own name* without a previous conveyance from the trustee.

Where lands are granted to a *trustee* without words of perpetuity, he will by implication of law take a *fee*, if such estate be necessary to fulfill the objects of the trust.

Where a trustee was directed to dispose of the lands granted to him, and to apply the proceeds to the support of a certain individual and his family, and after the decease of such individual to pay the *residue*, if any, to his legal representatives; *it was held*, in an action between the heir at law and mere naked possessors, that on the death of such individual the land passed to his heir at law, it not appearing that it had been disposed of by the trustee.

THIS was an action of *ejectment* tried at the Wayne circuit in April, 1838, before the Hon. DANIEL MOSELY, one of the circuit judges.

The plaintiff (Morris Welch) produced in evidence an act of the legislature of this state, passed 26th March, 1802, directing the commissioners of the land office to grant letters patent to *Matthias B. Tallmadge*, in trust for *John Welch*, his heirs and assignees, for 450 acres of unappropriated lands; and declaring that Tallmadge should dispose of the same, and apply the proceeds to the support of John Welch and his family, and *after his decease* pay the residue, if any there be, to his legal representatives. The plaintiff also produced in evidence letters patent, issued by the commissioners of the land office to Tallmadge for 600 acres of land, the premises in question, excepting thereout 150 acres in the southeast corner of the tract, in trust for the said John Welch, his heirs and assigns, *pursuant to the statute* above recited. The plaintiff then proved that Tallmadge *died* in 1820, and that John Welch *died* in 1811, leaving the plaintiff his only child and heir at law. The plaintiff rested. The defendant moved for a *nonsuit;* it appearing that the legal title was in Tallmadge as trustee, and that the plaintiff as *cestui que trust*

was not entitled to maintain this action *in his own name.* The judge nonsuited the plaintiff, who now moves for a new trial.

*S. Stevens,* for the plaintiff, insisted that the *trust estate* in Tallmadge ceased on the death of *John Welch,* the object of the trust having then terminated ; and that the plaintiff being entitled to the *residue,* or what was left of the estate granted for the benefit of his father, *became seised* of the land on the death of his father, and that without any conveyance from the trustee, 1 R. S. 727, § 47 ; 730, § 67. If it was necessary that there should have been a conveyance, the jury would have been warranted in finding that it had been executed, upon the presumption of law that such was the fact.

*M. T. Reynolds,* for the defendants contended that the *trustee* had only a life estate in the premises, and upon his death the estate ceased ; but if he had a greater estate, there are no circumstances from which a release to *John Welch* or to the plaintiff could be presumed. It was not the *duty* of the trustee to convey to either of them.

*By the Court,* NELSON, Ch. J.    Assuming that Tallmadge took a *fee,* which I think he did, such estate being necessary to enable him to fulfill the object of the trust, that on his death it descended to his heirs or passed under his will, as the case may be, after the death of *John Welch,* and that the estate was not sold as directed in the trust deed, the *trust became wholly nominal.* No sale was contemplated after the death of *John Welch ;* the reason for directing it was to obtain the means of support for him and his family during his lifetime, and on his death the *surplus* was to go absolutely to his heirs : the *estate* not having been sold, must take the same direction. Besides : the act and the letters patent pursuant thereto, direct that Tallmadge shall hold *in trust* for John Welch, his *heirs,* &c.

The *trust* therefore being merely *nominal* in 1830, when the revised statutes went into operation, it became executed in the *cestui que trust* by virtue of the 47th § of the ar-

ticle on uses and trusts, 1 R. S. 727, and consequently the plaintiff holds the legal title, and is entitled to maintain the action.

New trial granted.