## NOAH BROOKS & another *vs.* ISAAC JONES.

F. conveyed land by a deed of mortgage to W., treasurer of a corporation, " to have and to hold the said lot of land unto him the said treasurer, and his successors in office, to his and their use and behoof forever: " The condition of the mortgage was, that F. or his heirs, &c. should "pay to the said treasurer, or his successors in office," a certain sum: The mortgage was foreclosed, and W. released to the corporation all his right and title to the land, and the corporation conveyed it in fee to B. and C. *Held*, that W. took an estate in fee, in trust for the corporation; that the trust was terminated by his conveyance to the corporation; and that B. and C. had a valid title, in fee simple, to the land.

THIS case was argued by *J. M. Williams*, for the plaintiffs, and by *Dorr*, for the defendant. The opinion of the court was delivered March 15th 1847.

WILDE, J. This is a bill in equity, to compel a performance by the defendant of a written agreement, by which he undertook and promised to pay to the plaintiffs a certain sum of money, upon their executing and delivering to him a legal and valid deed, in fee simple, of certain real estate in South Boston. The defendant, in his answer, admits the agreement as set out in the bill, and the tender of a deed by the plaintiffs; and his defence is, that the plaintiffs' title is defective, and not such as they were bound by their agreement to convey. The plaintiffs affirm that they were and are lawfully seized of an indefeasible estate in the premises, in fee simple; and the question is, whether they were and are so seized. This question depends on the construction to be given to the deed of John S. Foster to Samuel H. Walley, the treasurer of an incorporated society, called " The Society for propagating the Gospel among the Indians and others in North America." This was a deed of mortgage of several tracts of land, including the land described in the agreement sought to be enforced by the bill. By this deed, Foster, the mortgagor, did "give, grant, bargain, alien, sell and convey unto the said treasurer, and his successors in office forever," the said several tracts of land, " to have and to hold all and singular the said pieces, parcels and lots of land, with all

privileges and appurtenances thereof, unto him the said treas-
urer and his successors in office, to his and their use and
behoof forever :   Provided, nevertheless, and this conveyance
is on the condition, that if the said John S. Foster, his heirs,
.executors or administrators, pay to the said treasurer, or his
successors in office, the sum of," &c.   It is admitted by the
defendant that the mortgage has been foreclosed, and that the
whole of the title conveyed by it, in and to the land in ques-
tion, is vested in the plaintiffs, by virtue of a deed of release
made by said Walley to the society of which he was treas-
urer, and by a deed in fee made by said society to the plain-
tiffs.   But his counsel maintains that only an estate for the
life of the said Walley passed by the said mortgage ; as, by
an inflexible rule of law, his successors in office cannot take
any estate in the premises.

To this objection several answers have been given by the
plaintiffs' counsel.   In the first place, it has been argued that
the deed may be so construed as to pass the legal estate to
the corporation, either by considering it as conveying a title
directly to them, by a wrong name, or as a conveyance to
their treasurer for their use, which, by the statute of uses,
(*St.* 27 Hen. 8, *c.* 10,) passed the legal estate to them.   But
we think the deed cannot be so construed consistently with
the express words of the grant.   The grant is to the treasurer
and to his use ; and it is a settled rule, that by a deed of
bargain and sale a use cannot be limited on a use.   The legal
estate in this case was granted, in express terms, to the treas-
urer and to his use ; and if the corporation took any estate
or interest, it was an equitable estate as *cestui que trust.*
This principle has been recently considered in the case of
*Stearns* v. *Palmer,* 10 Met. 32, and it was decided that the
law was well established, as now laid down.   As to the sup-
posed mistake of the name of the corporation, there is nothing
in the deed in support of such a supposition ; but we think it
manifest that it was intended, by the parties to the deed, that
the legal estate should be conveyed to the treasurer.   For
the deed provides that, in case the mortgage debt should be in

part paid, a portion of the mortgaged estate should be thereupon released to the mortgagor, by the treasurer and his successors.

Another ground, on which the plaintiffs rely in support of their title, depends on the construction of *St.* 1797, *c.* 14, by which treasurers of corporations, for the time being, "are authorized and empowered, in their own names and capacities, respectively, to commence and prosecute to final judgment and execution, any suit or suits at law upon any bonds, notes or other securities, which have been, or shall be, given to them or their predecessors in said capacity." It has been maintained by a very able argument of the plaintiffs' counsel, that by this statute the treasurers of corporations are respectively authorized not only to sue, but to hold estates as sole corporations ; and if so, that the mortgage, being a security for a debt due, would vest in the treasurer a legal estate in fee simple. We have not found it necessary to express an opinion upon this point, as we hold, on another ground, that the plaintiffs have a legal title in fee simple in the land in question.

It is clear, we think, that Walley, the treasurer, took by the mortgage an estate in trust for the corporation. No express trust is declared ; but it plainly is implied by the language of the deed. He took in his capacity as treasurer. He could not be thus described as *descriptio personæ*, for his successors in office were to take after, which shows clearly that the conveyance was not made to him in his natural capacity. The debt to be secured was the debt due to the corporation. The proviso requires that it should be paid " to the said treasurer or his successors in office," which is equivalent to a requirement that it should be paid into the treasury. So the consideration is paid by the treasurer ; and the inference is, that it was paid from the treasury. Now it is clear, that if these inferences are well founded, there was an implied or resulting trust in favor of the corporation. · The treasurer took the legal estate, but had no other interest. If A. grants an estate to B., to his use, yet if the consideration

is paid by C., a trust results to him.   It has been a question upon which there are conflicting decisions, whether, in such a case, parol evidence were admissible to prove that the money was paid by C. ; but that question is immaterial in this case.

The question then is, what estate passed to the trustee by the mortgage ?   The rule of law is, that it must be commensurate with the equitable estate of the *cestui que trust*. It was so decided in the case of *Stearns* v. *Palmer*, already mentioned, and in *Newhall* v. *Wheeler*, 7 Mass. 189.   Also in *Oates* v. *Cooke*, 3 Bur. 1684; *Fisher* v. *Fields*, 10 Johns. 505 ; *Welch* v. *Allen*, 21 Wend. 147 ; and in *Gould* v. *Lamb*, (*ante*, 84.)

This rule is founded on the clearest principle of justice, and is necessary in order to effectuate the intention of the parties, which might be defeated by a mere technical rule of law, and a mistake in describing the estate of the trustee, as in the present case.   It is true that, by this rule, the intention of the parties cannot be carried into effect in the form intended.   But if a grant cannot be carried into effect in the form intended, by reason of some rule of law, it always may be in some other form, which the law permits.   Shep. Touch. 82.   In the present case, it is wholly immaterial whether the successors in office of the grantee Walley could take or not. The trust could be executed, and with equal benefit to the corporation, as it could be in the form intended.   The trust is terminated by a conveyance of the trust estate to the *cestui que trust ;* and by the rule of construction stated, the intention of the parties is fully effectuated.   The debt due to the corporation was their absolute sole property, and when the mortgage was foreclosed, they had a similar estate in perpetuity, in the mortgaged premises.   It was argued by the defendant's counsel, that this rule was to be applied only to trusts created by wills.   But there is no good reason for the distinction, and none such is recognized by the authorities. In the cases referred to in this State and in the State of New York, the question arose on the construction of deeds.

We are therefore of opinion that the plaintiffs' title is valid, and that they are entitled to a decree in their favor, as prayed for.