.Nicoll *v.* Walworth.

----

NICOLL and another *vs.* HIRAM WALWORTH, assistant register of the court of chancery.

M. being possessed of a long term for years in certain premises, conveyed them to a trustee to receive the rents and profits, and apply them to the support of H. C., during her natural life, and after her death, he by the same instrument conveyed the premises to M. B. M., her heirs and assigns; *held,* that the trust ceased at the death of H. C., and that the residue of the term then vested in possession in M. B. M.

Where real estate is by a valid trust devised to a trustee for a particular purpose, the legal estate is vested in him as long as the execution of the trust requires it, and no longer, and it then vests in the person beneficially entitled to it.

Where a conveyance of lands was executed to a trustee before the revised statutes, but was unaccompanied with any power of management on the part of the trustee, and he after the enactment of the revised statutes brought ejectment against a stranger; *held*, that the legal title was in the person beneficially interested, and that the plaintiff could not recover.

ERROR to the superior court of the city of New-York. The suit in the court below was ejectment by the defendant in error to recover the possession of a lot of ground at the corner of West Broadway and Pearl-street, in the city of New-York. The trial took place on the 5th day of February, 1842. Thomas Marston being possessed, as lessee, of a term of fifty years in the premises in question, subject to an annual rent of $275, on the 26th day of February, 1811, executed under his hand and seal, an instrument by which, as therein stated, "for considerations me moving," he granted and confirmed the premises in question unto Francis B. Winthrop, "free from all ground rent that is now due or that may hereafter become due upon said premises during said term for which I hold the same; to receive the rents, issues and profits thereof, to be applied by him for the support and maintenance of Mrs. Hannah Currie, for and during her natural life, upon the express condition that the same shall not be sold during the natural life of the said Hannah Currie, but shall be held for the purposes aforesaid; and, after the death of the said Hannah Currie, I give, grant and convey" the said premises "to my natural daughter, Mary Burns Marston, her heirs and assigns." The deed also conveyed certain personal property to Mrs. Currie and to Mary B. Marston, and was executed in the presence of two witnesses. In March, 1814, Mrs. Currie and Mary B. Marston, then an infant, by her next friend, filed a bill in chancery against Francis B. Winthrop and several other persons, setting forth that Thomas Marston died in January, 1814, having made a last will and testament, of which Francis B. Winthrop was the executor, and had taken upon himself the execution of the will, but that he refused to take upon himself or to execute the trust contained in the instrument of the 26th February, 1811. The bill alleged that the instrument was made upon a valid consid-

Nicoll v. Walworth.

eration, arising out of services performed for him by Mrs. Currie, and of his relationship to Mary B. Marston, his natural daughter, and prayed that Winthrop might be decreed definitively to accept or to decline the trust, and in the latter event that it might be executed by one of the officers of the court; that the conveyance of February 26, 1811, might be confirmed and declared valid, and a construction be given to it; and that Winthrop, or the other defendants who were devisees and legatees of Thomas Marston, might be ordered to keep down the ground rent upon the premises, and for general relief. The plaintiffs gave in evidence the defendant's answer, and the enrolment of the decree in the cause, entered on the 16th day of January, 1815. By this decree Winthrop was directed, among other things, to convey to the assistant register all his rights and interest in the premises " to be held by the said assistant register and his successors in office, to the uses and upon the trusts contained in the deed of February 26th, 1811." The plaintiffs also gave in evidence a conveyance executed by Francis B. Winthrop as executor of the last will and testament of Thomas Marston, deceased, to Isaac L. Kip, assistant register of the court of chancery, dated March 3, 1815, which recited the deed of February 26, 1811, and the proceedings and decree in chancery, and proceeded to assign, remise, release and quit claim to Kip, as assistant register, and to his successors in office, all the right, title and interest of Winthrop, of, in and to the premises; to have and to hold, to him and his successors in office, to the uses, and upon the trusts declared in and by the said deed of February 26, 1811.

It was then proved that Hannah Currie died before the commencement of this suit; that the plaintiff was assistant register of the court of chancery, and that the defendants were in possession, and the plaintiff rested. The defendants' counsel requested the court to charge that the deed of Marston to Winthrop vested in Mary B. Marston an estate in remainder in the premises for the residue of the term, which estate vested in possession upon the death of Hannah Currie; and that title out of the plaintiff being thus shown, the defendants were entitled to a verdict

The court declined so to charge, but on the contrary instructed the jury that the plaintiff was entitled to recover. The defendants' counsel excepted, and the plaintiff had a verdict and judgment for the unexpired term. The defendants brought error here.

*S. Stevens,* for the plaintiffs in error, maintained that the deed from Marston to Winthrop, conveyed to the latter only an estate for the life of Hannah Currie, in trust for her; and that the limitation in remainder, after her death, was directly and immediately to Mary B. Marston, in fee, without the intervention of any trust; or if there were any doubt as to that proposition, that the trust in Winthrop, after the death of Mrs. Currie, was merely nominal, and Mary B. Marston by force of the statute, (1 *R. S.* 727, § 47,) should be deemed to have a legal estate in the premises.

*C. P. Kirkland,* for the defendant in error.

*By the Court,* JEWETT, J. The first inquiry is, what estate passed to Winthrop by the deed from Marston. To the extent of authorizing Winthrop to receive the rents, issues and profits to be applied by him for the support of Hannah Currie for and during her natural life, it was a trust recognized by the common law, and was moreover within the provisions of 1 *R. S.* 728, § 55, *sub.* 3, as amended by the act of 1830, chapter 320, section 10. (*Gott* v. *Cook,* 7 *Paige,* 521 ; *Cru. Dig. tit.* 12, *Trust, ch.* 1, §§ 12, 15.) Being an active trust, it vested the entire legal estate in the trustee determinable by the expiration of the term, or the death of Mrs. Currie, whichever should first happen. The rule at common law, as well as by the statute, is that the trustee takes that quantity of interest only which the purposes of the trust require, and the instrument creating it permits. The legal estate is in the trustee so long as the execution of the trust requires it, and no longer, and then it vests in the person beneficially entitled. (1 *R. S.* 728, §§ 61, 62; *Doe* v. *Nicholls,* 1 *Barn. & Cress.* 336; *Doe* v *Edlin,* 4

*Adol. & Ellis,* 582; *Doe* v. *Simpson,* 5 *East,* 162; *Doe* v. *Needs,* 2 *Mees. & Wels.* 129; *Doe* v. *Timins,* 1 *Barn. & Ald.* 530; 4 *Kent's Com.* 310, *5th ed. note* (a.); *Doe* v. *Ewart,* 7 *Adol. & Ellis,* 636; *Jefferson* v. *Morton,* 2 *Saund.* 11, *n.* 17.) Irrespective of the decree and of the deed of Winthrop to the assistant register, the death of Mrs. Currie, by the terms of the deed of Marston to Winthrop, put an end to the trust and the estate of the trustee, and thereupon the remainder of the term vested in Mary B. Marston in fee. Bayley, J. in the case of *Doe* v. *Nicholls* above referred to, in delivering his judgment said—"It may be laid down as a general rule, that where an estate is devised to trustees for particular purposes, the legal estate is vested in them as long as the execution of the trust requires it, and no longer, and therefore as soon as the trusts are satisfied, it will vest in the person beneficially entitled to it ;" and Holroyd, J. said, in the same case, that "a trust estate is not to continue beyond the period required for the purposes of the trust." Lord Denman, Ch. J. in *Doe* v. *Edlin,* in reference to the doctrine laid down by Bayley, J. and Holroyd, J. and above referred to, says: "If the rules above mentioned, as laid down by these judges, be confined so as to say that the trustees originally take only that quantity of interest which the purposes of the trust require as far as is expressed by the words used in the instrument itself, or by the apparent intention of the maker of the instrument consistent with the language of it; then I admit the rule to be correct. But if it is meant to apply to all cases in general where the trusts are no longer capable of being carried into effect, but the instrument, by the legal construction of it, already gave an estate which might continue for a longer period than that during which the objects of the trust had an actual existence, then that, in my mind, will admit of a different consideration. I admit that, for a great number of years past, the courts have held that trustees take that quantity of interest which the purposes of the trust require ; and the question is, not whether the maker of the instrument has used words of limitation or expressions adequate to convey an

estate of inheritance, but whether the exigencies of the trust require a fee," or can be satisfied by a less estate.

In the case under consideration, there is but a single trust created by the deed from Marston to Winthrop in reference to the term granted to him, namely—to receive the rents, issues and profits thereof, and apply them for the support and maintenance of Mrs. Currie for and during her natural life, upon the express condition that the same should not be sold during her natural life, but should be held for the said purpose. The words used do not necessarily carry an estate to him for the full period of the term, although they might have that effect, depending on the continuance of the life of Mrs. Currie to the termination of the lease. The further grant to Mary B. Marston, immediately upon the death of Mrs. Currie, clearly evinces an intention that the trustee should not take an estate in the term in any event beyond the life of Mrs C., and such I think was his estate, and that it ceased on the death of Mrs. C., she having died before the expiration of the term.

It is however supposed that the deed from Winthrop to Kip carried the entire estate in the term to him and his successors in office, although the death of Mrs. Currie intervened, and that the trust is not executed or satisfied until he conveys to Mary B. Marston, and therefore it is said that the plaintiff having the legal estate was entitled to recover. If it were conceded that the court of chancery had the power, it may be seen from the decree, that it has not exercised it, to alter, change or enlarge the trust conferred on Winthrop. It has merely transferred it as created by Marston to be executed by one of its officers. In reference to this, the decree is, that Winthrop " do execute and deliver to the said assistant register some proper release and assignment of all his right and interest in the said house and lot of ground, to be prepared under the direction of one of the masters of this court, to be held by the said assistant register and his successors in office, to the uses and upon the trusts contained in the said deed executed by the said Thomas Marston, bearing date the 26th day of February, 1811." This is all which, as appears by the decree, was adjudged by the court

Nicoll *v.* Walworth.

in reference to the term granted or assigned, further than to confirm the instrument as a valid instrument to pass such estate to Winthrop and Mary B. Marston respectively, as it purported to have done. Nor is there any thing in the deed, from Winthrop to Kip, which attempts to enlarge the trust in him and his successors in office, so as to make it necessary, in the execution of the trust, for him or his successors to convey to Mary B. Marston on the death of Mrs. Currie, in the event it should happen before the termination of the term granted. It merely conveys to Kip and his successors in office " all his right, title, interest, of in and to the said dwelling house and lot of ground with the appurtenances, to have and to hold to the said party of the second part and his successors in office to the uses and upon the trusts declared in and by the said deed poll." It is true that in the deed from Winthrop to Kip there is a recital that by a certain instrument or deed poll bearing date the 26th day of February, 1811, Marston granted and confirmed the premises in question to Winthrop for the remainder of the term for which Marston held the same in trust, to receive and apply the rents and profits thereof to the support and maintenance of Hannah Currie during her natural life, and after her decease to convey the said house and lot to his natural daughter, the said Mary Burns Marston." But it cannot, in the least, affect the decree or deed.

But if this view of the question should be incorrect, it cannot be doubted but that upon the death of Mrs. Currie, if any trust remained, it ceased to be active, and therefore it became executed by virtue of the statute, and the legal estate vested in Mary B. Marston. (1 *R. S.* 727, § 47; *Welch* v. *Allen*, 21 *Wend.* 147.)

The court below erred, as I think, in its charge to the jury.

Judgment reversed.