Sandford, J.
In 1814, the premises in question belonged to Mrs. Norton in fee, by devise from her father. Her husband, John L. Norton, was tenant by the curtesy initiate, in the premises. His conveyance to Mrs. Clinton, at the most affected his initiate life estate. It may have operated upon an interest extending beyond the life of his wife, but it was in no sense a conveyance in fee.
Every trustee is presumed to take an estate as large as is necessary for the purpose of his trust, and no larger estate, (a)
The purpose of this trust was, first, for Mrs. Norton; and second, to empower her through the trustee, to dispose of the property, manage it, and collect the rents. The first object, and all of the second, except the power of disposal, were attainable by a trust which should cease on her death. For those objects, therefore, the estate of the trustee cannot be deemed to have extended beyond her life. The power to dispose of the property is limited to her alone. There is no limitation in favor of her heirs or devisees; nor any language from which an intention can be inferred that others were to execute the power. If she had executed it during her life, it would have operated merely to convey her husband’s life estate. In order to have conveyed the fee of the land, it would have been necessary for her to join in the grant, in her own right, the legal estate of inheritance being still vested in her; and probably it would have been *298 equally necessary for her husband to have executed the grant by way of testifying his assent to her execution of the same. At all events, the grant of Mrs. Norton and the trustee, so far as it would have operated by force of the trust deed, would have conveyed no other or greater estate, than the life estate of her husband.
The question remains, was the portion of his life estate, intervening between Mrs. Norton’s death, and its termination by his own death, conveyed to the trustee, and if so, did it descend to Mrs. Norton’s heirs, or to her personal representatives?
I think that the effect of the trust deed was, to convey to the trustee merely an estate for the life of Mrs. Norton ; and that the authority given to her to dispose of the residue of her husband’s life interest, was no more than a power in trust, to be exercised by her through and in the name of the trustee. If so, the trust ceased on Mrs. Norton’s death, and the plaintiff has a legal estate as tenant by the curtesy.
If, however, it be conceded that the deed of 1814, carried to the trustee all his estate, Mrs. Norton’s trust interest under it, was nothing more than an equitable estate for the life of her husband ; and on her death it belonged to her administrators. (2 R. S. 82, § 6, subd. 1; 2 R. L. 365, § 4.) Her husband thus became entitled to the entire interest, as pertonal property, and it vested in him as such, without administration, subject to the payment of her debts. (2 R. S., 75, § 29.)
If the trust were to be deemed outstanding, it would be a naked trust of the plaintiff’s life estate, created by himself, and remaining in Mrs. Clinton, for his own benefit. The revised statutes convert all such trusts into legal estates, (2 R. S. 727, § 47 ;) and the result is, that in any mode of construing this -trust deed, the plaintiff has a legal life estate in possession of the premises in question.
This disposes of the point argued before me at the special term. For the purpose of ascertaining the facts in issue, I will direct a reference, and the order may provide for the requisite examination as to title and liens, preliminary to a partition. .

) See Nicoll v. Walworth, 4 Denio, 385.