NORTH, *Petitioner for partition, versus* PHILBROOK *&* als.

A deed of land in trust, though it contain no words granting an inheritance, will be construed to convey a fee, if such construction be necessary for effectuating the purposes of the trust.

Thus, a conveyance in trust, for the purpose of making sales, though it contain no words of inheritance, will convey a fee.

Land was conveyed *in trust,* to the use of G. one of the grantor's sons, for *his* life, and then " to descend and vest in the heirs" of the grantor. G. died subsequently to the death of the grantor, leaving one child. — *Held,* that, if it was at the death of the *grantor,* that the remainder, subject to the life estate, became vested in his heirs, G., being one of them, might effectually convey his vested remainder, thus leaving to his child no inheritance in the land. —

North v. Philbrook.

Also, *Held,* that, if the remainder was contingent until the death of G., and *then* vested in the heirs of the grantor, G., not being then in life, could not inherit, and his child could take nothing in the land, as she would not be among the heirs of the grantor.

Whether it was at the death of the grantor or at the death of G., that the remainder vested, was a point controverted, but not decided.

PETITION FOR PARTITION. The case appeared to be as follows : —

Joseph North and Hannah, his wife, were seized in her right of a valuable tract of land in Augusta. On the 7th of Jan'y, 1814, they conveyed it by deed of warranty to H. W. Fuller, " to have and to hold the same to said Fuller in trust to and for the uses" following, viz : — First, to and for the use of said Joseph and Hannah, and each of them, during their natural lives, excepting a small piece, called A, " which piece A is to go into the immediate possession of the said Fuller, for the use and benefit of our son Gershom North and Ann North, his wife, during their natural lives. And the said Fuller is hereby authorized to sell so much of the above granted premises, and to execute a good and sufficient deed thereof, as shall amount to the sum of eight hundred dollars, to be sold under the direction of the said Joseph North, for the purpose of erecting a dwellinghouse."

" Secondly, after the decease of the said Joseph North and Hannah North, the grantors, the income of said premises, above granted to the said Fuller, is to be appropriated by him, the said Fuller, to the maintenance and support of the said Gershom and Ann North during their natural lives ; and, provided the said land shall not have been sold, nor the said building erected, in the lifetime of said Joseph, the said Fuller is hereby authorized, after the decease of said Joseph, to sell so much of the above granted premises, as shall amount to the above sum, and for the purposes aforesaid, out of such part of the premises as he shall think proper, and to erect the said building in any place on the premises, where he shall think it to be the most beneficial.

" And lastly, after the decease of Gershom North and Ann North, his wife, the above granted premises, excepting such

part thereof, as shall have been sold by the said Fuller, for the purposes aforesaid, are to descend to, and vest in the heirs of the said Joseph North and Hannah North, his wife."

On said 7th of Jan'y, 1814, there were five children, presumptive heirs of said Joseph and Hannah. The said Gershom was one of them.

The said Hannah North died in 1819, at which time all of her said five children were living. Her husband, Joseph North, died in 1825, at which time four of the children were living.

The trustee sold, under said power of sale and in the lifetime of Joseph North, a portion of the premises, not including any of the lot A, and appropriated the proceeds to the erection of a house on lot A, for the use of said Gershom and Ann. The residue of the lands conveyed to Fuller was set off on a petition for partition in 1826, among the heirs of said Joseph and Hannah North.

Said Ann North, the wife of Gershom, died without issue after the deaths of Joseph and Hannah, and in the lifetime of her husband. He married again, and died in 1849, leaving a minor daughter, his only heir, who is the petitioner in this case.

Her father, the said Gershom, in 1846, conveyed one fifth of the land in question to Philbrook, one of these respondents, by deed of warranty.

The trusts created for the benefit of Gershom and his wife Ann, were all fulfilled by the trustee.

The petitioner prays that one fifth of lot A, may be set off to her.

" The Court are to render such judgment in the case, as to law and justice may appertain."

*May*, for the petitioner.

The deed of trust clearly shows the intention of the grantors, that no inheritable estate should vest in Gershom North. All power over it was withheld from him, even during his life, and it was but a life estate that was intended for him. His insolvency and his vagrancy doubtless had much to do in the creation of the trust. At his decease, (for he survived

his wife, Ann,) the estate vested wholly in those " heirs" of Joseph and Hannah North, who were then in life.

The estate of Gershom was but for his life. He could have conveyed nothing beyond that. At his death, the deed to Philbrook was of no effect. Upon his death, and not till then, the estate was to descend and vest in the *then* surviving heirs of the grantor. *Childs* v. *Russell*, 11 Metc. 24. As he would then be no longer in life to inherit, he would not be one of the heirs.

There was, then, no remainder in which he could have had any rights, none which his deed to Philbrook could convey.

Though Gershom was thus cut off, his child, this petitioner, was not, for she comes in as one of the heirs of the grantors, and is therefore entitled to recover.

Upon the death of H. W. Fuller, the legal estate vested in *his* heirs, subject to the trusts, Gershom then being alive.

It was while the estate was thus vested, that Gershom undertook to *convey* to Philbrook. His deed therefore could convey nothing.

*North & Mills*, for the respondents.

1. The trustee having duties to perform requiring possession of the estate, the conveyance is a trust and not a use executed. 4 Kent, 304; 1 Hilliard's Real Property, 299, c. 22, § 11, 12, 13 & 14; *Norton* v. *Leonard*, 12 Pick. 155; *Ayer* v. *Ayer*, 16 Pick. 330.

2. The remainder in fee during the lives of the grantors was contingent; at the death of the survivor, the persons who could take, became known, and the remainder then vested. 4 Kent, 205; *Dagett* v. *Slack*, 8 Metc. 453; *Childs* v. *Russell*, 11 Metc. 16; *Brown* v. *Lawrence*, 3 Cush. 350.

3. Gershom North being alive at the decease of the grantors was an heir, and had an interest in the remainder, which he passed to Philbrook by his deed of 1846, and nothing descended to his heir, the petitioner. *Dagett* v. *Slack*, 8 Metc. 453; *Childs* v. *Russell*, 11 Metc. 16; *Brown* v. *Lawrence*, 3 Cush. 350.

*Emmons*, in reply. —

1. Henry W. Fuller took under the deed of Jan'y 7, 1814, an estate of inheritance. He must have taken such an estate, to enable him to execute the trust.

It is a settled principle, that the estate which a trustee takes, without regard to. expressions of the trust, will be measured by the principles of the trust and coëxtensive therewith. Powell on Devises, in notes and cases there cited; Law Library, vol. 21, p. 129, 130, 131; Worthington on Wills; Law Library, May, 1848, p. 240; 2 Hilliard's Abr. p. 13 & 14; Lewin on Trusts and Trustees, Law Library, April, 1839, p. 119; Crabb on Real Property, Law Library, Feb. 1847, p. 595, § 1831.

2. The remainder was not vested till the death of Gershom.

The petitioner took the estate which her father would have taken if the legal estate had vested at the death of Joseph North. She takes it by the form of the gift or deed of trust. Powell on Devises, in notes; Law Library, 168, 165, 169, 170.

Rice, J. — This is a petition for partition. The rights of the petitioner depend upon the provisions of a deed from Joseph North and Hannah North to Henry W. Fuller, dated Jan'y 7, 1814, and a deed from Gershom North to James P. Philbrook, dated Nov. 17, 1846.

The original estate was in Joseph North and Hannah North, his wife, in right of the wife. Gershom North was a son of Joseph and Hannah, who also had other children and heirs, and the petitioner is a daughter of Gershom.

Hannah North, one of the grantors to Fuller, died in Feb. 1819, and Joseph North, the other grantor to Fuller, died April 17, 1825. Ann North, wife of Gershom, deceased before her husband, but after the decease of both Hannah and Joseph. Subsequent to the death of Ann, Gershom married again, and died March 4, 1849, leaving the petitioner, a minor daughter by his second wife, his only heir.

The deed of trust from Joseph and Hannah North to Fuller

contains no words of inheritance. The first point raised at the argument was as to the character of the estate which passed to the trustee by that deed. The petitioner contended that it was an estate of inheritance, because nothing short of such an estate would enable the grantee in that deed to perform the trusts, provided in the deed, and carry out the manifest intention of the grantors.

As a general rule, such a quantity of estate will be held to be vested in trustees as is required for the performance of the trust; and therefore if land be given to a man, without the word heirs, and a trust be disclosed which can be satisfied in no other way but by the trustee's taking an inheritance, it has been held that a fee passes; so where there is a trust for sale, that is a purpose which it is impossible to serve unless the trustee have an inheritance, " for if they are to sell a fee, they must have a fee." Crabb on Real Property, § 1831, p. 594. So a trust to sell, even on a contingency, confers a fee simple as indispensable to the execution of the trust. Lewin on Trust and Trustees, 235.

Trustees must in all cases be presumed to take an estate commensurate with the charges imposed on them. 7 East, 99. Therefore, where lands are devised for a particular purpose, without words of inheritance, and the death of the devisee may defeat the object of the devise, he will take a fee. This doctrine is frequently applied to trusts created to support estates of inheritance. 8 Vin. Abr. 262, pl. 18.

When lands are granted to a trustee without words of perpetuity, he will by implication of law take a fee, if such estate be necessary to fulfil the objects of the trust. *Welch* v. *Allen*, 21 Wend. 147.

The grant to Fuller not only authorized him to go into the immediate possession of a portion of the estate, but also to " sell so much of the above granted premises and execute a good and sufficient deed thereof, as shall amount to the sum of eight hundred dollars," for the purpose of building a house, but further stipulated that, " provided the said land shall not have been sold nor the said building erected, during

the lifetime of the said Joseph, the said Fuller is hereby authorised, after the decease of the said Joseph, to sell so much of the above granted premises as shall amount to the above sum and for the purposes aforesaid, out of such part of the premises as he shall think proper."

To comply with these provisions it would seem to be necessary that the trustee should have an estate in fee, and that such was the intention of the grantors is obvious when all the provisions of the deed are taken into consideration.

The estate of the trustee being thus enlarged, by operation of law, its operation upon the rights of other parties must be considered. The grantors reserved to themselves, during their natural lives, the use of the principal part of the estate, remainder over to Gershom and Ann North during their natural lives, and lastly, after the death of Gershom and Ann, so much of the estate as remained unsold "to descend to, and vest in, the heirs of Joseph North and Hannah North, his wife."

At what point of time did the estate vest in the heirs of the grantors? This question was much discussed at the argument. But from the view we take of the case it is wholly immaterial, so far as the rights of the petitioner are involved, how this question is determined, and it is therefore unnecessary at this time to enter upon a discussion of the distinctions, which exist between vested and contingent remainders. The rights of other parties, not now before the Court, may be found more involved in the consideration of that branch of the law.

If, as is contended by the respondents, the heirs of Joseph North and Hannah North became known at the death of Joseph, and the remainder then vested in those heirs, with the right of possession of the estate after the decease of Gershom and Ann, then as a legal consequence, Gershom, being one of the heirs of Joseph and Hannah, became seized of a vested remainder in fee, which being a transferable interest, passed by his deed, dated November 17, 1846, to Philbrook, leaving no interest to be inherited by his daughter, the petitioner.

North v. Philbrook.

If, on the other hand, as is contended by the petitioner, the estate remained contingent until the death of Gershom, and then, according to the terms of the deed of trust, vested in the heirs of Joseph and Hannah, the petitioner is equally excluded. She being the heir of Gershom and not the heir of Joseph and Hannah, and the interest of Gershom according to this construction of the deed being an equitable life estate only.

But it is strenuously contended that the petitioner is the heir of her grand-parents, Joseph and Hannah North, and therefore entitled to recover.

In a recent case in Massachusetts, *Brown & al* v. *Lawrence & al.* 3 Cushing, 396, which in all material points is strictly analogous to the case at bar, this question was distinctly before the Court, and directly decided. The action in that case was brought by grandchildren of the grantor, claiming as heirs of the grantor after the termination of an intervening life estate in their father, who during his life, had aliened his interest in the estate.

In giving the opinion of the Court, SHAW, C. J., says ; " they cannot make themselves heirs of the grandfather, because their father, through whom they must claim, was living at the time of their grandfather's decease ; and it is only when a son or daughter dies before the father, leaving children, that such children are heirs of a grandfather, or other more remote ancestor. These children were not born when the testator died ; their father was then his heir, and became a new stock of inheritance to these demandants. If the estate vested in him, he had a capacity to alienate it, and did alienate it, by his deed to the city ; if the estate did not vest in him, then nothing came to these demandants, as his heirs."

The Court are unable to perceive any principle upon which the petitioner can recover, and according to the agreement of the parties a nonsuit must be entered.

SHEPLEY, C. J., and TENNEY, HOWARD and APPLETON, J. J., concurred.