Learned, J.
A trust was created of personal property, to pay the income to a certain person for life; at his death, the principal to go to others absolutely. The trustee invested in United States 6 per cent. 5-20 bonds, at a considerable premium. Afterwards the bonds were called in by the government, under its privilege to pay after five and before twenty years, and were paid off at par. The trustee’s accounts have been settled on his resignation, and it has been decided that he is not personally chargeable with the loss of the premium.
The question is now presented, how this loss should be borne ; whether by the corpus of the estate, or by the income; whether it is to be divided, and if so in what proportion. There is some money in the hands *95 of the new trustee, the distribution of which depends on the decision of this question.
I have not been aided in this case by authorities. The parties have not presented any which decide the question, or which throw much light upon it. Perhaps the reason is, that in England, where such a question might more frequently arise, a large premium on government securities is not the rule.
I lay aside, for the present, the fact that although these securities had a long time to run, yet they were subject to the privilege, on the part of the government, of paying them off before maturity. I take the case of a goverment bond, having a definite time to run, and not subject to payment before that time; as, for instance, the present four per cents. Now if a trustee, on such a trust as this, invests in such a security at a premium, it seems to me that the interest received thereon is not, all of it, to be treated as income. For distance, suppose he has $12,000 of trust money. With that he buys $10,000 United States 4 per cents at 120. Now if he treats the $400 received by him every year as income, the trust estate, when the bonds mature, will be only $10,000. This is a certain result, not one dependent on a contingency or misfortune. His investment, therefore, in United States bonds, has not produced an income of three and one-third per cent.; which is the rate he has been paying to the recipient of income, if he has paid him the whole §400. It has produced a less rate ; a rate capable of computation, and often computed from tables, by persons desirous to invest. And if the investment does not produce three and one-third per cent., then the whole of the money annually received does not equitably belong to the person entitled to the income. Into the question "how much income does such an investment produce, there must enter as a factor the loss of the premium, which is inevitable at maturity, because I think that *96 the owner of the principal ought not to have that principal diminished, in order to give a larger income to the person entitled only to the income for life.
Thus, in the present case, the fact that the bonds matured at twenty years ought to be taken into account in determining how much income was really produced by them. And in adjusting the balance now on hand, that factor should be considered. It was certain that the premium would be lost at the end of twenty years.
But, on the other hand the privilege of paying beforehand was a contingency. It was one for which no calculation could be made. It was like a misfortune or a disaster, which befell the property—like a failure to collect the whole amount payable upon a mortgage. It reduced the principal, and thereby-the income derivable therefrom.
The balance on hand must be divided upon these principles.