JOHN L. GROSS, Plaintiff, v. WILLIAM L. MOORE, as Administrator, with the Will Annexed, of HARRIET GROSS, Deceased, and Others, Defendants.

*Construction of a will — trust void because of a failure to designate beneficiaries — exclusion of next of kin.*

The residuary clause of a will was as follows : "I give, devise and bequeath unto my executor hereinafter named all the rest, remainder and residue of my personal estate, to be distributed by him according to instructions given to him by me." The only evidence as to instructions from the testatrix to the executor, was that she had instructed him to dispose of the residuary portion as he pleased "only so that neither my brother nor my sisters can get any part of it."

*Held,* that even if this evidence was competent and was given full effect, and the clause were to be construed as a trust, the only trust suggested was one to keep the property out of the hands of the next of kin, which was neither a valid trust nor within those enumerated and permitted by statute;

That upon the theory of a trust, it was void for uncertainty, because no beneficiaries were designated, nor was there anything from which the court could determine who were intended to be the beneficiaries of the testatrix's bounty;

That under the clause quoted the executor did not take an absolute interest for his own use personally ; and the trust attempted to be created being void for uncertainty, the testatrix died intestate as to the residuary portion of her estate.

As the law requires a valid disposition of one's property, in order to prevent the heirs and next of kin from taking, an intention to exclude them cannot be rendered effectual where the decedent, without having made any disposition of a portion of her property, with respect thereto has died intestate.

MOTION by the defendant, William L. Moore, as administrator with the will annexed, of Harriet Gross, deceased, for a new trial upon exceptions taken at a trial before the court, at the New York Special Term, which resulted in an interlocutory decree, made on the 14th day of November, 1892, which directed judgment against the

said defendant Moore, as administrator, and in favor of the plaintiff and the other defendants, in an action brought to obtain a construction of the residuary clause of the will of Harriet Gross, deceased.

*Cephas Brainerd*, for the plaintiff.

*H. Kettel*, for the defendant Moore, administrator.

*Timothy Davenport*, for the other defendants.

O'BRIEN, J.:

By this action it is sought to invalidate the residuary clause in the will of Harriet Gross, deceased, which reads as follows: "I give, devise and bequeath unto my executor hereinafter named all the rest, remainder and residue of my personal estate, to be distributed by him, according to instructions given to him by me."

Upon the trial it was not shown, either by writing or by parol, what these instructions were. The only testimony looking to this end was that given by a son of the executor, who testified that his father told him "that he had received instructions from Harriet Gross to dispose of that residuary portion as he pleased, 'only so that neither my brother nor my sisters can get any part of it.'" This evidence was objected to on the grounds, (1) that this witness could not testify to communications received by him from his father, the executor, as to oral communications made by the testatrix to the executor; (2) that parol declarations made by the testatrix as to her intention are not admissible in construing the will; (3) that the executor, if living, could not have testified to such oral communications under section 829 of the Code, and (4) that such evidence was purely hearsay.

We think that the objection to such evidence was valid upon the last ground stated, if upon no other, but it is not necessary to place our decision upon this ruling, because if regarded as competent evidence, and full force and effect be given to it, it would not change the conclusion to be reached. For it will be observed that no suggestion is made as to who were to be the beneficiaries under the residuary clause, the testimony being directed to showing that the testatrix expressed a wish and gave instructions to exclude her brother and sisters, towards whom it would appear she occupied an unfriendly attitude.

If, therefore, the clause is to be construed as a trust, and not as an absolute gift, to the executor personally, then the only trust suggested is one to keep the property out of the hands of the next of kin. That such a trust is neither valid nor within those enumerated and permitted by statute, requires no discussion. As said in *Holland* v. *Alcock* (108 N. Y. 312) : " The existence of a valid trust capable of enforcement, is consequently essential, to enable one claiming to hold as trustee, to withhold the property from the legal representatives of the alleged donor." And upon the theory of a trust, it is void for uncertainty, because no beneficiaries are designated, nor is there anything from which the court can determine who were intended to be the beneficiaries of the testatrix's bounty.

In *Tilden* v. *Green* (130 N. Y. 29, p. 45) the court say : " The remark of Judge WRIGHT in *Levy* v. *Levy* (33 N. Y. 107), that ' if there is a single postulate of the common law established by an unbroken line of decisions, it is that a trust without a certain beneficiary who can claim its enforcement is void,' has been repeated and reiterated by recent decisions of this court (*Prichard* v. *Thompson*, 95 N. Y. 76 ; *Holland* v. *Alcock*, 108 id. 312 ; *Read* v. *Williams*, 125 id. 560), and the objection is not obviated by the existence of a power in the trustee to select a beneficiary unless the class of persons in whose favor the power may be exercised has been designated by the testator with such certainty that the court can ascertain who were the objects of the power."

It is unnecessary, however, to further pursue the question of whether this is or is not a trust, for we do not think that the appellant relies upon this ground, his contention being that the executor under the bequest takes the absolute interest in the property bequeathed. It is insisted that the language used gave to the executor, in trust for himself, an absolute interest ; that the beneficiary was definite and certain, and he was to do with the property as he pleased. That this contention is unsound we think is apparent not only from the wording of the residuary clause itself, but by a consideration of the entire will. We think that the language directing that the residuum " be distributed by him according to the instructions given him by " the testatrix negatives the view that the executor was to keep the property as his own. It equally negatives the

idea that he was vested with a discretion which, had it been conferred, might have induced the court to construe this into a power of appointment.

Apart, however, from this clause itself, if resort be had to the entire will, it will be found that when the testatrix intended to make an absolute gift of her property, she used apt and technical language to express her intention. Thus with respect to the nine bequests given in other portions of the will she adds, after designating the legatee, that he is to take " absolutely and forever." In the residuary clause the language used is entirely different and is consistent only with the view that he was to take the property, not personally and for his own use, but as executor in trust for distribution in such proportions and to such beneficiaries as she by her instructions to him had designated. Having reached the conclusion, therefore, that by the residuary clause a beneficial interest therein is not given to the executor personally, and it being clear that the trust attempted to be created is void for uncertainty, the learned trial judge was correct in his conclusion that as to that portion of the estate the testatrix died intestate.

It is suggested that the effect of this construction is to permit the very persons to obtain a large portion of her estate, whom the testatrix intended to exclude. We are not responsible, however, for her failure to carry out her verbally-expressed intention to exclude her brother and sisters, who were her only heirs and next of kin. Under the law these would take property which by will had not been otherwise disposed of. And as the law requires a valid disposition of one's property in order to prevent his heirs and next of kin from taking, an intention to exclude them cannot be rendered effectual where the person, without having made any disposition of the property, with respect thereto dies intestate.

We are of opinion, therefore, that the exceptions should be overruled and the motion denied, with costs and disbursements.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Exceptions overruled and motion denied, with costs and disbursements.