## 74 SCHELL v. MERKLEE.

Upon the entire case we think the judgment is just and right, and that it should be affirmed, with costs and disbursements.

Van Brunt, P. J., and Follett, J., concurred.

Judgment affirmed, with costs and disbursements.

---

Edward Schell, Surviving Executor, etc., of George F. Merklee, Respondent, v. Adaline M. Merklee and Others, Appellants, Impleaded with Bedford Street Methodist Episcopal Church and Others.

*A defined beneficiary is essential to a valid trust — what is a gift in trust and not an absolute gift.*

To constitute a valid trust there must be a defined beneficiary, and the absence of such a beneficiary is, as a general rule, fatal to a testamentary trust.

The point really to be determined in all cases in which a question is presented as to whether a clause in a will is an absolute gift or a gift in trust, is whether, looking at the context of the will, the testator intended to impose an obligation on his legatee to carry his wishes into effect, or whether, having expressed his wishes, he intended to leave it to the legatee to act upon them or not in his discretion.

A testator left a will containing the following residuary clause : "If, after all the legacies are paid in full, there should be anything left of my estate, the same to be divided, and paid to the Methodist Episcopal churches in the ninth ward of the city of New York, according to the number of members, to buy coal for the poor of said churches."

In the other clauses of the will, where absolute gifts were intended, apt words were used.

*Held*, that such residuary clause was expressive of an intention on the part of the testator that the churches should not take the gift absolutely, but that the gift was accompanied by a direction as to the manner in which they should apply it, which was sufficient to constitute a trust ;

That as a trust such bequest must fail, because of the lack of an ascertained and definite beneficiary.

Appeal by the defendants, Adaline M. Merklee and others, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 24th day of May, 1893, upon a decision of the court rendered after a trial at the New York Special Term, construing item 20 of the will of George F. Merklee, deceased.

*S. St. J. McCutchen,* for the appellants Merklee et al.

*Thomas M. Tyng,* for the appellants Ludwig et al.

*James Otis Hoyt,* for the plaintiff, respondent.

*Fernando Solinger,* for the respondent African M. E. Zion Church.

*William D. Udell,* for the respondent Jane Street M. E. Church.

O'BRIEN, J. :

In this action it was sought to obtain a judicial construction of the twentieth or residuary clause of the will of George F. Merklee, deceased, which provides as follows :

"Item 20. If, after all the legacies are paid in full, there should be anything left of my estate, the same to be divided and paid to the Methodist Episcopal churches in the ninth ward of the city of New York, according to the number of members, to buy coal for the poor of said churches."

The validity of this clause is to be determined by the conclusion to be reached as to whether there was an absolute gift to the churches named, or only a gift in trust " to buy coal for the poor of said churches."

If the former, the fact that there was an expression on the part of the testator that the moneys were to be applied for one of the purposes of the corporations would not destroy the gift itself, and could be disregarded. If, on the other hand, the language used created a trust, constituting the church corporations merely the trustees, then it seems reasonably clear that, as a trust, the bequest must fail for the lack of an ascertained and definite beneficiary.

In support of the view that this was an absolute gift, and not a trust, it is urged with much force that, although the gift to the churches was coupled by the testator with the expression " to buy coal for the poor of said churches," this does not destroy the absolute character of the gift, being an expression merely of his desire that the moneys so given should be used for one only out of the many objects of the church corporations. And in support of this construction we are referred to *Matter of Teed* (59 Hun, 69), which goes far towards maintaining such a contention. In that case

the bequest was given to the New York Baptist Union for ministerial education, " for the endowment of the Rochester Theological Seminary." As said in the opinion in that case :

" The use of the word ' endowment ' in the will is extremely loose, if, indeed, it be true, as we suppose, that there is in reality no corporation by that name. The term manifestly has in this connection no meaning whatever, unless it be in the nature of the expression of a strong desire on the part of the testator that the fund so given to the residuary legatee should be used for one only of the many objects for which the real corporation was created, viz. : the support of this theological school. The expression ' for the endowment of the Rochester Theological Seminary,' in this connection, is meaningless, under any definition that may be found, and it may safely be elided without detriment to the meaning of the will." And upon this reasoning the court held that the bequest was absolute, and that the words following the gift, or attempting to limit its use, were meaningless and could be disregarded.

On the other hand, it is insisted that the language is susceptible only of a construction consistent with an attempt to establish a trust of an ascertainable fund in trustees for a definite purpose in favor of beneficiaries, which must fail because the beneficiaries are neither ascertained nor ascertainable.

If the premise is sound that this was an attempt to create a trust, then we think the conclusion follows, because it is clear that there are no defined or definable beneficiaries. The legal test of definiteness in the beneficiary is the capacity to come into court and invoke the performance of the trust. (*Levy* v. *Levy*, 33 N. Y. 101.) And as it would be impossible for anyone to establish that he was within the class of persons intended to be benefited, he could not claim the benefit of such a trust.

Upon the crucial question as to whether this is or is not a trust, the language of Perry on Trusts, section 114 (3d ed.), is apposite :

" The point really to be determined in all these cases is whether, looking at the whole context of the will, the testator intended to impose an obligation on his legatee to carry his wishes into effect, or whether, having expressed his wishes, he intended to leave it to the legatee, to act on them or not, at his discretion."

It will be noticed, therefore, that the first test to be applied is to

ascertain (which is the primary object in the construction of all wills) the intention of the testator. In this will, the testator, by twenty separate clauses (designated " Items "), disposed or intended to dispose of his property, and in every legacy, except the trusts in favor of his two nieces, created by the third and fourth items, and this bequest to the churches in item 20, the words of actual gift and bequest are used. Where the testator intended to express a wish or make a suggestion, this has been done, as shown by items 16 and 18 of the will, in a way so as not to destroy the absolute character of the gift; and that he knew how to make a bequest for general corporate purposes is evidenced by item 13, wherein we find a direction " to pay to the St. Luke's Hospital   *   *   *   for its corporate purposes, the sum of seven thousand dollars ($7,000) to which I give and bequeath the same."

The weight to be given to such considerations in the construction of a will was lately before this court in the case of *Gross* v. *Moore* (68 Hun, 415), wherein it was said : "Apart, however, from this clause itself, if resort be had to the entire will, it will be found that when the testatrix intended to make an absolute gift of her property she used apt and technical language to express her intention. Thus, with respect to the nine bequests given in other portions of the will, she adds, after designating the legatee, that he is to take ' absolutely and forever.' In the residuary clause the language used is entirely different, and is consistent only with the view that he was to take the property, not personally and for his own use, but as executor in trust for distribution, in such proportions and to such beneficiaries as she, by her instructions to him, had designated."

Having in mind, therefore, that where absolute gifts were intended apt words were used, and construing the language here, we think it was intended to give the residuum to the churches, not absolutely, but in trust for the designated purpose of buying coal for the poor, and that it was expressive of an intention on the part of the testator that the churches should not take the gift absolutely, but that the gift was accompanied by a direction as to the manner in which they should apply it, which was sufficient to constitute a trust. The language is not merely commendatory or expressive of a wish, but it is a statement of why the residuum is to be divided and paid to the churches, namely, to buy coal for the poor. Thus, it does not

come within that class of cases wherein it has been held that commendatory terms expressive of wish, will, desire, etc., where not suficiently commanding, emphatic or imperative, will not raise an implied trust or defeat an implied gift.

The learned trial judge placed his conclusion that the gift was valid upon the authority of *Williams* v. *Williams* (8 N. Y. 525); *Wetmore* v. *Parker* (52 id. 457), and *Fosdick* v. *Town of Hempstead* (125 id. 591).

*Williams* v. *Williams* (*supra*), though overruled in subsequent decisions upon at least one of the questions therein decided, is an authority for the position that "corporations are authorized to take property for the use of the society, or other pious uses, which plainly shows that a benefactor may apply his bounty to the whole or any one or more of the various purposes for which the corporations are authorized to hold property."

The question, however, whether they are authorized to take is not the only question in this case, because we assume upon the authority of the case cited and others, and upon the proof here appearing, that these churches were capable of taking, provided the testator intended to make an absolute gift for any or all of the purposes. But the question we are discussing, and which must control upon this appeal, is, what did the testator intend?

In *Wetmore* v. *Parker* (*supra*) the bequest was to an orphan asylum, and in that case the question was, whether the bequest offended the statute against perpetuities, and this objection was overruled on the ground that the title to the fund passed to the asylum, and that no specific trust was created.

The case of *Fosdick* v. *The Town of Hempstead* (*supra*), we think, is an authority in favor of the appellant. In that case a bequest was made of one-half of a certain fund to the town of Hempstead, "to be kept as a fund for the support of the poor of said town." It was therein held that "the gift to the town was not an absolute one, but in trust for purposes which were not corporate or administrative, and that the town could not take it for that reason, and the trust itself is void because of the lack of any ascertained or ascertainable beneficiaries to enforce the same." And in the opinion Judge PECKHAM, referring to the case of *Holland* v. *Alcock* (108 N. Y. 312), says: "That case leaves the doctrine no longer in

doubt that to constitute a valid trust there must be a defined beneficiary, and the absence of such is, as a general rule, fatal to the validity of a testamentary trust. Is there any such beneficiary named or to be found in this will? The learned counsel for the town says there is, and founds his assertion upon the claim that the beneficiaries are composed of the class defined by law, and are limited to such poor persons as the town is now or may, from time to time, be compelled to support. But we hold that the testator did not intend to limit his charity by any such boundary. His intention was, as we have already stated, to embrace within his charity a much broader while at the same time a much less well-defined class, depending very greatly upon the individual views of the person or persons who, for the time being, exercised the trust, and we say to such an extent is the power of choice vested in the trustee that no one could claim the enforcement of the trust in his own favor or in favor of others. The beneficiaries are neither named nor capable of being ascertained within the rules of law applicable to these cases."

We think, therefore, that the cases relied upon do not support the conclusion reached by the learned trial judge, and that the one from which we have just quoted (*Fosdick* v. *Town of Hempstead*) is one in favor of appellant.

Our conclusion is that the language, " to buy coal for the poor," cannot be disregarded, and that it is not, as was said in *The Matter of Teed* (*supra*), " extremely loose or meaningless," but is indicative of an intention to have the property divided among these churches, who were to take it in trust and apply the same in carrying out the testator's intention, which, violating as it does the statute rules, cannot be effectuated.

The judgment, therefore, should be reversed and judgment rendered for the appellants, with costs to the appellants to be paid out of the fund.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment reversed and judgment rendered for the appellants, with costs to the appellants to be paid out of the fund.