LEILA R. MARTIN, Individually and as Executrix, etc., of WILLIAM C. MARTIN, Deceased, Appellant, v. JOHN B. PINE, as Trustee,, etc., of WILLIAM C. MARTIN, Deceased, and Others, Respondents.

*Will creating a trust estate — a power of appointment may be void without destroying the trust — a beneficiary thereunder may be seized of a vested remainder therein, without merger — a paper referred to in the will, though void as a testamentary disposition, considered to ascertain the testator's intent.*

The eleventh clause of the will of a testator was as follows:

"*Eleventh.* All the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath to my executor hereinafter named, in trust, nevertheless, to invest the same and keep the same invested, and to collect the rents, income and profits thereof and apply them to the use of my daughter, Leila R. Martin, during her natural life, and on her decease, if it occur within five years after the date of this will, to pay over and transfer to himself, as trustee for Stella Martin, a sum equal to that held by him in trust for her, if she shall be alive, and on the same trust; " (it also made like several provisions in favor of Margaret Ford, Fannie Ford and Mary Ford), "and to pay over and transfer the whole or any part of the said residuary estate which may then be left, *or which may be left at any time,* to such person or persons or such body corporate as my said daughter may appoint by will, if such appointment is not contrary to the provisions which I shall leave in a certain paper made contemporaneous with this will and sealed up and addressed to the executor, and if said appointment shall be contrary to said provisions, then I give, devise and

bequeath my said residuary estate, *after the death of my said daughter*, to the person or persons or body corporate named in said paper addressed to said executor in the proportion therein named."

Leila R. Martin, the testator's sole heir and next of kin, lived more than five years after the date of such will. Neither at the time of the execution of the said will, nor at any time subsequent thereto, was there in existence any provision or paper, made contemporaneous with said will, or at any time, corresponding to the paper mentioned and described in the eleventh clause thereof.

*Held*, that the power of appointment sought to be conferred was not limited to five years after the date of the will;

That the grammatical construction of the clause must give way to the clear intent and meaning of the testator, whose intention was to dispose of the residue of his estate, and to give his daughter a power of appointment;

That if the testator's daughter should die within five years the power of appointment was to operate upon the whole or any part of the residuary estate which might then be left, including the principal fund out of which the double annuities were to be paid. If the daughter lived beyond the five years, in case the power of appointment was exercised, it was to operate upon the entire residue, including the principal fund out of which the single annuities were to be paid;

That the power of appointment was interwoven with the limitation and could not be severed therefrom without nullifying the testator's intention;

That the limitation was void, and if the paper referred to were in existence it could not be taken as part of the will;

That there was no valid or operative power of appointment, but that the trust itself was valid and remained wholly unaffected by the invalid power of appointment;

That the remainder in the trust estate was vested in Leila R. Martin, the sole heir and next of kin of the decedent, but the trust for her life was not destroyed by reason thereof, as there was no merger of the estate.

Although the provisions contained in a will, in regard to a paper therein referred to, be inoperative as a testamentary disposition, it may be considered by the courts to ascertain the testator's intention.

APPEAL by the plaintiff, Leila R. Martin, individually and as executrix, etc., of William C. Martin, deceased, from a judgment of the Supreme Court in favor of the defendants, dated the 16th day of November, 1893, and entered in the office of the clerk of the county of New York, upon the decision of the court rendered after a trial at the New York Special Term.

*W. H. Hamilton*, for the appellant.

*Aymar Embury*, for the respondents.

BARRETT, J.:

This is an action for the construction of the will of William C. Martin, who died on the 4th day of May, 1891, in the city of New York, leaving the plaintiff as his sole heir and next of kin. The questions discussed are raised by the eleventh clause of Mr. Martin's will. By the seventh, eighth, ninth and tenth clauses four specific trusts for small amounts were created in favor of Stella Martin, Margaret Ford, Fannie Ford and Mary Ford. They are not disputed or attacked. The eleventh clause then provides as follows:

"*Eleventh.* All the rest, residue and remainder of my estate, both real and personal, I give, devise and bequeath to my executor hereinafter named, in trust, nevertheless, to invest the same and keep the same invested and to collect the rents, income and profits thereof, and apply them to the use of my daughter, Leila R. Martin, during her natural life, and on her decease, if it occur within five years after the date of this will, to pay over and transfer to himself, as trustee for Stella Martin, a sum equal to that held by him in trust for her, if she shall be alive, and on the same trust; also, to pay over and transfer to himself, as trustee for Margaret Ford, a sum equal to that held by him in trust for her, if she shall be alive, and on the same trust; also, to pay over and transfer to himself, as trustee for Fannie Ford, a sum equal to that held by him in trust for her, if she shall be alive, and on the same trust; also, to pay over and transfer to himself, as trustee for Mary Ford, a sum equal to that held by him in trust for her, if she shall be alive, and on the same trust, and to pay over and transfer the whole, or any part of the said residuary estate which may then be left, *or which may be left at any time,* to such person or persons, or such body corporate as my said daughter may appoint by will, if such appointment is not contrary to the provisions which I shall leave in a certain paper made contemporaneous with this will and sealed up and addressed to the executor, and if said appointment shall be contrary to said provisions, then I give, devise and bequeath my said residuary estate, *after the death of my said daughter,* to the person or persons or body corporate named in said paper addressed to said executor in the proportion therein named."

The will was dated the 10th day of September, 1887, and Leila

R. Martin lived for five years thereafter. In fact, she is the present plaintiff and is still alive. No such paper as that referred to in the latter part of the eleventh clause has ever been found. Upon that head the learned justice at Special Term, upon the request of both sides, found as a fact:

"That neither at the time of the execution of the said will, nor at the time of the execution of the said codicil, nor at any time subsequent thereto, was there in existence any provision or paper made contemporaneous with said will, or at any time, corresponding to the paper mentioned and described in the eleventh clause of said will."

Upon this state of facts the defendant trustee claims that the power of appointment conferred upon Leila R. Martin by the eleventh clause of the will is a valid power, by virtue of which she is entitled to dispose of the testator's entire residuary estate. The plaintiff, upon the other hand, claims that the power is wholly void and inoperative; that the eleventh clause is incapable of execution; that the *corpus* of the residuary estate is vested in the plaintiff as sole heir at law and next of kin; that the attempted trust for her benefit became inoperative or merged in her absolute ownership of the *corpus* of the estate; that the main purpose for which any trust was sought to be created has completely failed, and that the whole residuary estate should be adjudged to belong to the plaintiff freed of any trust.

No question is raised with respect to the annuities payable to Stella Martin and the Fords under the seventh, eighth, ninth and tenth clauses of the will. It is claimed, however, that the disposition of the principal fund, out of which these annuities are payable, should be governed by the adjudication upon the eleventh clause.

Two points are made against the power of appointment: *First,* that it was "dependent upon the death of the plaintiff herein within five years after the date of the will, which death has not happened." *Second,* that it was made "dependent upon and governed by the terms of an extraneous paper which may or may not exist, but which cannot, in any event, give any dispositive force or effect under well-settled principles of law."

The learned judge at Special Term discussed the first point but not the second. He holds, and we think correctly, that the power

of appointment sought to be conferred was not limited to five years after the date of the will. The grammatical construction of the clause must give way to the clear intent and meaning of the testator. He meant to dispose of the residue and to give his daughter a power of appointment. If his daughter died within five years after the date of the will, the several annuities to Stella Martin and the Fords were to be doubled. If she lived beyond the five years, these annuities were not to be doubled. That was the real significance of this five years' limitation.

As to the power of appointment, if it were exercised and the daughter should die within the five years, it was to operate upon " the whole or any part of the said residuary estate which *may then be left.*" That included the principal fund out of which the double annuities were to be paid. If, however, it were exercised and the daughter should live beyond the five years, it was also to operate upon the entire residue, including the principal fund out of which the single annuities were to be paid. This is clearly covered by the words " which may be left at any time," and by the devise " after the death of " his daughter — in case the power of appointment is not exercised according to his wishes. " The death of my said daughter," here referred to, was clearly not her death within the five years, but her death at any time.

We think, however, that the second point made against this power of appointment is well taken. It is impossible to say that this is an unlimited power of appointment merely because the limitation upon its exercise is void. The power is interwoven with the limitation and cannot be severed therefrom without nullifying the testator's intention. It is conceded that the limitation is void. Even if the paper referred to were in existence, it could not be taken as part of the will. (*Langdon* v. *Astor's Exrs.*, 16 N. Y. 26 ; *Williams* v. *Freeman*, 83 id. 569 ; *In the Matter of O'Neil*, 91 id. 516 ; *Booth* v. *Baptist Church*, 126 id. 215.) The defendants' contention is that the limitation, being void, should be disregarded and the power held to be unlimited. This, however, would be contrary to the expressed wishes of the testator. How can we say that the power was unlimited when it is in terms limited by the proviso? The daughter was really to exercise no discretion, but simply to follow the testator's direction as contained in the supposed contem-

poraneous paper. Although the provision with regard to this paper is inoperative as a testamentary disposition, yet the court will look at it to ascertain the testator's intention. (*Kiah* v. *Grenier*, 56 N. Y. 220; *Gross* v. *Moore*, 68 Hun, 412; *Thayer* v. *Wellington*, 9 Allen, 283.)

In the case last cited the will contained the following clause: " I give to the said Edmund T. Hastings and to William W. Wellington of said Cambridge, physician, and to the survivor of them, $15,000 in trust, to appropriate the same in such manner as I may, by any instrument in writing under my hand, direct and appoint."

The testator, by a separate instrument not attested as a will, made a certain disposition of this money to the city of Cambridge. It was held (citing with approval *Langdon* v. *Astor, supra*) that this did not create a valid bequest to the city of Cambridge, even with the assent of Hastings and Wellington to the payment. The suggestion was made in behalf of the city that effect might be given to the supposed object of the charity by holding the bequest *to be an absolute one to Hastings and Wellington personally* in confidence that they would appropriate the money as the testator should request. But the court declined to accede to this suggestion, giving as a reason that " the words of the clause " did not " authorize such a construction to be given to it," and that the bequest had, " on its face, language directly contradictory to it."

In *Gross* v. *Moore* (*supra*) the residuary clause read as follows: " I give, devise and bequeath unto my executor, hereinafter named, all the rest, remainder and residue of my personal estate, to be distributed by him according to instructions given to him by me."

It was contended that, even though the trust were invalid, there was an absolute gift. But the court said:

" We think that the language directing that the residuum be distributed by him according to the instructions given him by the testatrix, negatives the view that the executor was to keep the property as his own. *It equally negatives the idea that he was vested with a discretion which, had it been conferred, might have induced the court to construe this into a power of appointment.*"

We think, therefore, that there was here no valid or operative power of appointment. But this view of the case does not aid the plaintiff in her desire to terminate the trust created for her benefit

and to receive the entire residuary estate free from it. The trust itself is perfectly valid and remains wholly unaffected by the invalid power of appointment. The residue of the estate, after providing for the four small annuities, is given to the executor in trust to "invest the same and keep the same invested, and to collect the rents, income and profits thereof and apply them to the use of my daughter, Leila R. Martin, during her natural life."

All that follows in the eleventh clause relates to the disposition of the residue after the death of the beneficiary. That is not an essential part of the trust. If the power of appointment was valid, the appointee, upon the death of the trust beneficiary, would take the residue by virtue of the statute. (1 R. S. 727, § 47; *Welch* v. *Allen,* 21 Wend. 147; *Nicoll* v. *Walworth,* 4 Den. 391.) If invalid, the testator's heir would take. In neither case would a conveyance by the trustee be essential. The duty to pay over and transfer the residuary estate upon the death of the trust beneficiary is not an active trust duty. It is merely nominal. There is but one active trust here and that is perfectly valid under the Revised Statutes. It has not failed and it is entirely possible of performance.

As to the remainder, it is undoubtedly vested in Leila R. Martin. She cannot exercise a power of appointment with regard to it under her father's will, but she can devise it under her own. The idea that the trust for her life can be destroyed because she is thus vested with the remainder is fallacious. There is here no merger of estates. She has no estate in that which is vested in the trustee for her life. The entire estate, legal and equitable, is vested in the trustee for the trust purposes. As beneficiary of the trust she has no estate. The remainder is vested, but it commences in enjoyment only upon the termination of the estate now vested absolutely in the trustee. The case of *Asche* v. *Asche* (113 N. Y. 232) is directly in point upon this branch of the case. We cannot nullify a testator's will to suit the convenience of his beneficiaries. There is a class of cases where, as was said in *Cuthbert* v. *Chauvet* (136 N. Y. 329), " the court would decree dissolution of the trust upon the application of all the interested parties, *but this was strictly limited to cases where the whole design and object of the trust scheme had been practically accomplished,* and all the interests created by it had become vested."

Here the whole design and object of the trust scheme has not

been accomplished, and cannot be while the plaintiff lives to enjoy the income applicable to her use. "Trusts are usually created," said the court in *Cuthbert* v. *Chauvet*, "for the purpose of withholding from the beneficiaries or other interested parties the control and disposition of the principal of the trust fund for reasons which appear sufficient to the settlor, and they are not as a general rule regarded with satisfaction by the persons who are thus deprived of the possession of the trust estate."

In *Douglas* v. *Cruger* (80 N. Y. 19) it was held that the Supreme Court had not the power to destroy a valid trust. "The purpose of the statute," said EARL, J., "was to make those trust estates and trust interests indestructible and absolutely inalienable during the existence of the trust, and if they could be rendered alienable by the order of the court the whole scheme of the statute would be greatly impaired and its purpose thwarted."

The same doctrine was maintained in *Lent* v. *Howard* (89 N. Y. 181).

In *Asche* v. *Asche* (*supra*) it was claimed, independent of the question of merger, that, as upon the death of the children the widow took an estate in remainder, she would thus become entitled as *heir to her children and the sole beneficiary in the trust to the immediate possession and control of the trust fund.* The court held otherwise, RUGER, Ch. J., observing : "We do not think so. The object of the creation of the trust estate would not then have been accomplished. The intention of the testator *to put the corpus of the fund beyond the hazard of impairment and waste during the life of his wife cannot be defeated or affected by the acquisition by her of the estates in remainder created by the will.* The necessity for the maintenance of the trust would remain in full force notwithstanding the widow's succession to the rights of her children. By such acquisition she would acquire a future estate, dependent upon the precedent estate of the trustees, but which she cannot enjoy in possession. She might devise it, but cannot possess an estate conditioned upon her own death."

This is conclusive of the plaintiff's contention. It follows that all the trusts created by the will in question are valid and indestructible.

The judgment appealed from should, therefore, be modified by

striking out so much thereof as adjudges that under the eleventh clause of the will in question the plaintiff, Leila R. Martin, has a valid power of appointment. So far as it upholds the validity of the trusts it should be affirmed, with costs to the trustee only, payable out of the estate.

Van Brunt, P. J., and Follett, J., concurred.

So ordered.