In the Matter of the Final Judicial Settlement of the Annual Accounts of SAMUEL N. HOYT, ALFRED M. HOYT and JAMES W. JACKSON, Trustees for MARY IRENE HOYT, under the Last Will and Testament of JESSE HOYT, Deceased, from the 14th day of August, 1894, to the 14th day of August, 1895.

SAMUEL N. HOYT and Others, as Trustees for MARY IRENE HOYT, Appellants, and ALFRED W. HOYT and Others, Appellants; MARY IRENE HOYT, Respondent.

*Trust — when the life beneficiary must bear the depreciation caused by the approaching maturity of bonds purchased at a premium — a void provision of a will resorted to for the purpose of ascertaining the testator's intent.*

A testator directed his executors to invest $1,250,000 for the use and benefit of his daughter; to collect and receive the interest, dividends and income therefrom, "and to apply to her use for and during her natural life, in the most bounteous and liberal manner, as to expenditure, and so as to promote her convenience and comfort, and gratify her reasonable desires, the said interest, dividends and income so to be collected and received as the same shall be required for her use and benefit." The will then proceeded, "And it is further my will that the said sum of money hereinabove in this article directed to be appropriated and held in trust for and during the natural life of my daughter, Mary Irene, and for her use as above herein provided as to the interest, dividends and income therefrom, or the securities in which the same shall be invested, and any surplus of income therefrom, if any, which shall not have been applied to her use during her natural life, shall, on the death of my said daughter, go and be distributed to and among my nephews and nieces, children of my brothers, Alfred M. Hoyt, Reuben Hoyt and James H. Hoyt, who shall be living at the time of the decease of my said daughter, in equal portions."

*Held*, that it was the intention of the testator that the entire principal of the trust fund, or securities equivalent to that sum, should, upon the death of his

daughter, be transferred to his nephews and nieces, and that, therefore, the depreciation in the value of government bonds, purchased at a premium, in which the trust fund had been invested, caused by their approaching their maturity, should be borne by the life beneficiary and not by the remaindermen; That, in arriving at this construction of the will, it was proper to consider the provision directing that any surplus income not applied to the use of the life beneficiary, should, on her death, be divided among the remaindermen, although such provision authorized an unlawful accumulation of income which rendered it void.

APPEAL by Alfred W. Hoyt and others, from a decree of the Surrogate's Court of the county of New York, entered in said Surrogate's Court on the 24th day of June, 1897, finally judicially settling and allowing the accounts of Samuel N. Hoyt, Alfred M. Hoyt and James W. Jackson, as trustees for Mary Irene Hoyt under the last will and testament of Jesse Hoyt, deceased.

Also, an appeal by Samuel N. Hoyt and others, as trustees for Mary Irene Hoyt under the last will and testament of Jesse Hoyt, deceased, from so much of said decree as sustains the exceptions of Mary Irene Hoyt to the referee's report filed herein on the 10th day of June, 1896, in so far as the said report overrules the objection of the said Mary Irene Hoyt to the creation of a sinking fund by the said trustees out of the trust estate, and to the various payments and allowances or credits made by the said trustees as set forth in schedule "D" of the account filed by them on the 18th day of November, 1895; also from so much of the decree as orders and adjudges that the said trustees have no right to create a sinking fund for the purpose of covering the premiums paid for certain securities purchased by them for the said trust estate, or to pay into such sinking fund, out of the annual interest received from such securities, the amounts set forth in schedule "D" of said account, and that the sums so paid, as set forth in said schedule "D," are not chargeable against said Mary Irene Hoyt; also from so much of said decree as sustains the objections filed by the said Mary Irene Hoyt to the said account in so far as they relate to the creation of said sinking fund and to the reservation of the interest as set forth in said schedule "D," and also from the said decree in so far as it charges the said trustees and not Mary Irene Hoyt with the sums paid by them into the said sinking fund as set forth in said schedule "D."

*William H. Rand, Jr.,* for the appellants.

*William F. Moore,* for the respondent.

McLaughlin, J. :

On the 14th of August, 1882, Jesse Hoyt died, leaving a last will and testament which was, on the twenty-ninth of the same month, admitted to probate and letters testamentary were issued to the executors therein named, who qualified and have since continued to act as such.

The testator gave to his executors $1,250,000 in trust during the life of his daughter, Mary Irene Hoyt, the respondent herein. That portion of the will creating this trust reads as follows :

" It is my will and I hereby direct that the sum of one million two hundred and fifty thousand dollars shall be appropriated and received from my estate, real and personal, wheresoever situated, or from the proceeds thereof, by such of my executors hereinafter named as reside or do business in the State of New York, or to whom letters testamentary on this, my will, shall be granted by any surrogate in said state of New York, and as soon as it can or shall be realized or received by such executors, and held in trust by them and the survivors and survivor of them, and their successor or successors to the trust to and for the use and benefit of my daughter, Mary Irene Hoyt, for and during her natural life, and in the meantime, during such, her life, to invest and reinvest and keep the same invested, and to collect and receive the interest, dividends and income therefrom and from each and every part thereof and to apply to her use for and during her natural life, in the most bounteous and liberal manner, as to expenditure, and so as to promote her convenience and comfort and gratify her reasonable desires, the said interest, dividends and income so to be collected and received as the same shall be required for her use and benefit. * * *

" And it is further my will that the said sum of money hereinabove in this article directed to be appropriated and held in trust for and during the natural life of my daughter, Mary Irene, and for her use as above herein provided as to the interest, dividends and income therefrom, or the securities in which the same shall be invested, and any surplus of income therefrom, if any, which shall not have been applied to her use during her natural life, shall, on the death

of my said daughter, go and be distributed to and among my nephews and nieces, children of my brothers, Alfred M. Hoyt, Reuben Hoyt and James H. Hoyt, who shall be living at the time of the decease of my said daughter, in equal portions."

Owing to the contest over the will the trust created by the provision of it just quoted was not, in fact, established until October, 1886, when the trustees invested the $1,250,000 specified in securities authorized by the 11th paragraph of the will. The securities, mostly United States government bonds, could only be purchased at a premium. The premium which they paid amounted to $245,000, and to restore and make good this sum they thereafter annually retained from the interest or income a sum equivalent to the proportionate wearing away of the value of the securities for the purpose of creating what is termed in their accounts a sinking fund. No objection was made to the creation of this fund until the trustees filed their account covering the period from August 14, 1894, to August 14, 1895, when the respondent objected to the retention by them for such purpose of the sum of $8,039.50. A referee was appointed, who reported that the trustees were justified in withholding that sum for the purpose specified. To this report an exception was filed by Miss Hoyt, which was sustained by the surrogate, and a decree entered to the effect that the trustees had no right to withhold such sum for the purpose of creating a sinking fund because the same belonged to the respondent.

From this decree the trustees and all the other persons interested in the fund, except Miss Hoyt, appealed.

The question, therefore, presented for our determination, is whether the depreciation, by reason of approaching maturity of the securities purchased, of the premium paid shall be borne by the life tenant or by the remaindermen. The determination of this question depends entirely upon what the testator intended in that respect. (*McLouth* v. *Hunt*, 154 N. Y. 179.) Did he intend that the whole income from securities purchased with the trust fund, without any deductions whatever, should be paid to his daughter, Mary Irene, during her life? Or did he intend that the *corpus* of the trust fund should be preserved, and that the said sum of $1,250,000, or its equivalent in securities, should be turned over to his nephews and nieces at the termination of the trust? After a careful considera-

tion of the will of the deceased, and especially the fourth item of it, it seems to us that but one answer can be given to the questions proposed. The testator did not intend that any portion of the $1,250,000 should go or be given to his daughter. This sum he intended for his nephews and nieces. It will be observed that he did not intend that the whole of the interest, income or dividends received from the trust fund should belong or necessarily be paid to his daughter, without deductions therefrom, since he left it to the discretion of his trustees to determine how much of such income should be paid to her, and provided that any surplus which might remain upon her death should go to his nephews and nieces and be distributed in the same manner as the fund itself. It matters not what may be said as to the validity of this provision of the will; it unquestionably indicates that the testator did not intend that his daughter should have the right to receive the entire income of the trust estate, much less any portion of the principal. It may be conceded, for the purpose of disposing of the question presented, that this provision of the will is invalid, since it creates an unlawful accumulation of income; it nevertheless may be resorted to and considered for the purpose of ascertaining the intention of the testator concerning the subject under consideration, and for that purpose it is just as effectual as though valid. (*Van Nostrand* v. *Moore*, 52 N. Y. 21; *Kiah* v. *Grenier*, 56 id. 220; *Martin* v. *Pine*, 79 Hun, 426.) It cannot, we think, be seriously questioned that it was the intent of the testator that the trust fund, $1,250,000, or securities equivalent to that sum, upon the death of his daughter, should be turned over to his nephews and nieces. If we are correct in this conclusion, then it necessarily follows that the trustees under this will not only had the right, but it was their duty to withhold, for the purpose of creating a sinking fund to make good the premium paid, the amount which they did. (*Farwell* v. *Tweddle*, 10 Abb. N. C. 94; *Reynal* v. *Thebaud*, 3 Misc. Rep. 187; *New England Trust Co.* v. *Eaton*, 140 Mass. 532; *Stevens* v. *Melcher*, 152 N. Y. 560; *New York Life Ins. & Trust Co.* v. *Kane*, 17 App. Div. 542; *McLouth* v. *Hunt*, 154 N. Y. 179.) In *McLouth* v. *Hunt* (*supra*) the Court of Appeals held that the question whether a depreciation through approaching maturity of the premium upon government bonds should be borne

by the life tenant or the remaindermen was to be determined, not by any arbitrary rule, but by ascertaining " the meaning and intention of the testatrix to be derived from the language employed in the creation of the trust, from the relation of the parties to each other, their condition and all the surrounding facts and circumstances of the case." Applying this rule to the facts presented by the record before us it is impossible to reach a conclusion other than the one already indicated.

It follows that the decision of the learned referee was right, and, therefore, so much of the decree appealed from should be reversed, with costs to the appellants, and the proceeding remitted to the surrogate to enter a proper decree in accordance with this opinion.

VAN BRUNT, P. J., BARRETT, RUMSEY and INGRAHAM, JJ., concurred.

Decree, so far as appealed from, reversed, with costs to the appellants, and proceeding remitted to the surrogate to enter decree in accordance with opinion.