(66 Misc. Rep. 390.)

### STEGLICH v. SCHNEIDER.

(Supreme Court, Special Term, New York County. February, 1910.)

1. WILLS (§ 781*)—ELECTION BETWEEN LEGACY AND CLAIM.

Where testatrix left a legacy to her daughter-in-law, under a previous agreement with her to support such daughter-in-law's husband, testator's son, and the daughter-in-law presented a claim against testatrix's estate, based on the agreement, which claim was paid, she could not also receive the legacy.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2016; Dec. Dig. § 781.*]

2. WILLS (§ 858*)—LEGACY FAILING OF EFFECT.

In the absence of any different provision in the will, the legacy, having failed of effect, became part of the residue of the estate.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 2173–2183; Dec. Dig. § 858.*]

Action by Sophie Steglich against Reinhardt Schneider, executor of Augusta Steglich. Judgment for defendant.

Max J. Kohler, for plaintiff.
W. Simm, for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GREENBAUM, J. Plaintiff seeks to recover a legacy of $2,000 bequeathed to the plaintiff by the last will and testament of Augusta Steglich, deceased. By her will the testatrix, after disposing of certain minor bequests, directs that all the rest, residue, and remainder of her estate be divided into three equal parts, one of which is given to each of her daughters,. Clara Mayer and Amalia Kessler, and the remaining third to her executor in trust to receive the rents, issues, and profits, and pay over the net income arising therefrom to her son, William Steglich, during his life, and upon his death without issue it is further directed by paragraphs "ninth" and "tenth" of the will as follows:

"Ninth. On the death of my said son, William Steglich, I give, devise and bequeath the said part or share so held in trust for him in the following manner: Two thousand dollars thereof to his wife, Sophie Steglich, absolutely forever, or in the event of her death before mine, then to her son, George Mohlfeld, absolutely forever; and all the balance thereof in equal parts to my said daughters, Clara Mayer and Amalia Kessler, provided that there shall be no child or children born to my said son hereafter; and in the event that there should be such child or children living at the death of my said son, then such balance to go to such child or children instead of to my said daughters.

"Tenth. The foregoing bequest to my daughter-in-law, Sophie Steglich, is given to comply with a written promise I made to her without my receiving any consideration therefor whatsoever, but because of her persistent solicitation therefor, she having previously paid out certain moneys for her husband, my said son, William Steglich."

The promise of the testatrix referred to in the "tenth" paragraph of her will arose out of the following state of facts: Her husband having failed to provide her with support, she maintained both herself and her husband out of her own earnings; and, in consideration of her continuing to support him, the testatrix, on July 19, 1897, executed an agreement by which she agreed—

"to leave the sum of $2,000 to Sophie Steglich, the wife of her son, William Steglich, out of the insurance moneys she shall receive on the policies now held by her on the life of her husband, Julius Steglich, and agrees to make her will and testament to this effect, or, in the event of the death of said Sophie Steglich before the undersigned, then said amount to be paid to George Mohlfeld, the son of Sophie Steglich."

On August 16, 1902, Augusta Steglich died, and thereafter plaintiff presented her claim against said estate to the defendant as executor, upon the theory that the provisions of the aforesaid will failed to carry out the original agreement with plaintiff, and that the latter thereby became entitled to recover $2,000 as damages for the breach thereof. This claim was rejected by the executor, and in the ensuing litigation it was finally determined that plaintiff was entitled to recover (Matter of Steglich, 91 App. Div. 75, 86 N. Y. Supp. 257), and the claim was thereupon paid in full, and a release executed to defendant by plaintiff of all liability under the agreement. On August 4, 1908, William Steglich died intestate, without issue or parent him surviving, and leaving an estate of less than $2,000 in value. Plaintiff was appointed administratrix, and became entitled to the entire estate by virtue of subdivision 3 of section 2732 of the Code of Civil Procedure.

There is no doubt that the bequest of $2,000 and the agreement respectively mentioned in paragraphs "ninth" and "tenth" of the will had reference to the agreement of July 19, 1897. The will and agreement, being parts of a single plan or arrangement for payment of a debt, must be construed together (Jackson v. Babcock, 12 Johns. 389; Webb v. Day, 2 Dem. Sur. 459; Martin y. Pine, 79 Hun, 426, 431, 29 N. Y. Supp. 995), and the provisions of the will must be deemed as an attempt on the part of the testatrix to perform her agreement with plaintiff. The precise question presented for determination is whether the payment of the claim made by the plaintiff against the estate, under the circumstances detailed, operated as an election to waive the legacy given her by the will.

Construing the language of paragraphs "ninth" and "tenth" of the will in connection with the agreement, I am of the opinion that it was clearly the purpose and intent of the testatrix that the legacy therein bequeathed was to operate as payment and satisfaction of all obligation to the plaintiff under the agreement of July 19, 1897. It follows, therefore, that the plaintiff is not entitled to recover both the legacy and the debt, and that, by enforcing payment of her claim against the estate of the testatrix, she had elected to renounce the legacy bequeathed to her by the will. 2 Pom. Eq. Juris. § 538; Caulfield v. Sullivan, 85 N. Y. 153, 158, 159. Nor are the principles applicable to a condition subsequent material to the controversy, since there is nothing in the terms of the will by which such a condition is created.

I am further of the opinion that the testatrix did not die intestate to the extent of the $2,000 bequeathed to the plaintiff by the terms of the legacy, but that this sum fell into the residuum created by paragraph "ninth" of the will for the benefit of the two daughters of the testatrix. A perusal of paragraphs eighth and ninth of the will clearly discloses that it was the intention of the testatrix to dispose of her entire estate, and upon the death of her son, William Steglich, without issue, to vest the residue in her two daughters after the payment of the legacy in question. There is nothing in the will that in any way circumscribes or confines the residue, or presents a situation other than for the application of the general rule that all legacies which lapse or fail of effect become part of the residuum. Langley v. Westchester Trust Co., 180 N. Y. 326, 73 N. E. 44.

It may be observed that this construction not only accords with the clear intent of the testatrix, but that the adoption of the opposite construction would result in a partial defeat of the intention of the testatrix as expressed in paragraph tenth of the will, besides enabling the plaintiff to benefit in a way never contemplated by and in direct opposition to the wishes of the testatrix. The plaintiff, however, is entitled to recover the sum of $73.53, the proportionate part of the income due to the estate of William Steglich, deceased.

Judgment accordingly.