KATE M. SIMON, BY HER AGENT, ALEXANDER B. SIMON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9993.   Promulgated March 6, 1928.

*Charles E. Scribner, Esq.,* for the petitioner.
*Henry Ravenel, Esq.,* for the respondent.

OPINION.

MURDOCK: The executors set aside in the taxable year $433.39 and deposited it in a sinking fund to amortize at maturity the premiums paid from trust funds in the purchase of bonds above par.

Section 219 (d) of the Revenue Act of 1921, provides as follows:

* * * There shall be included in computing the net income of each beneficiary that part of the income of the estate or trust for its taxable year which, pursuant to the instrument or order governing the distribution, is distributable to such beneficiary, whether distributed or not, * * *.

Our problem is to determine whether or not the amount in question was distributable to Kate M. Simon, pursuant to the instrument governing the distribution. To reach a decision on this point it would be pertinent to consider the terms of the instrument governing the distribution in the light of the law of the State of New York, in which State the trust had its situs.

The following excerpts from New York cases will sufficiently show what is the law of that State on this subject. The court said *In re Stevens et al.*, 187 N. Y. 471; 80 N. E. 358,

* * * We adhere to the rule declared in the *Baker* case, [165 N. Y. 484, 59 N. E. 257] that in the absence of a clear direction in the will to the contrary where investments are made by the trustee, the principal must be maintained intact from loss by payment of premium on securities having only a definite term to run; * * *

It is also to be said that, unless the rule in the *Baker* case is to be observed, the relative rights of life tenant and remainderman would largely depend on the favor or caprice of the trustee, who might either buy a bond bearing a high rate of interest at a great premium and impair the principal, or buy a bond bearing a lower rate of interest substantially at par and preserve the principal intact.

In the case of *Furniss* v. *Cruikshank*, 230 N. Y. 495; 130 N. E. 625, the court affirmed the decision of the Appellate Division reported in 191 App. Div. 450; 181 N. Y. S. 522, which opinion of the lower court was in part as follows:

* * * In that year (1907) the Court of Appeals, by a decision in *Matter of Stevens*, 187 N. Y. 471, 80 N. E. 358, finally established the rule that, *in the absence of a clear direction in the will to the contrary*, trustees must amortize from the income of said bonds a fund sufficient to make good the encroachment upon the trust fund as the result of premiums paid for bonds. (Italics ours.)

* * * By the decision in *Matter of Stevens* in 1907, it became the duty of trustees to provide a sinking fund out of interest paid to them on the bonds, sufficient to make good upon their maturity the premium paid therefor, to the end that the principal of the trust fund might be preserved intact. * * * The law seems to have been reasonably well settled long prior to the decision in *Matter of Stevens* that a proper discharge of a trustee's duty involved the preservation intact of the corpus of the trust estate by providing from the income derived from bonds purchased at a premium sufficient to make good the premium paid. This court held, as early as 1897, in *New York Life Insurance & Trust Co.* v. *Kane*, 17 App. Div. 542, 45 N. Y. Supp. 543, and *Matter of Hoyt*, 27 App. Div. 285, 50 N. Y. Supp. 623, decided in 1898, and in the late case of *New York Life Insurance & Trust Co.* v. *Baker*, 38 App. Div. 417, 56 N. Y. Supp. 618, affirmed 165 N. Y. 484, 59 N. E. 257, that where a trustee invests in bonds, paying a premium therefor, he must make such deductions

from interest as will suffice to make the principal whole when the bonds mature.

The will of Edward Simon, which was the instrument governing the distribution, is not before us. If it were, our problem might be easily solved. A part only of this will is before us. This part deals with the duties of the executors as trustees. It contains no clear direction or no suggestion that the trustees may not amortize from the income of bonds a fund sufficient to make good the encroachment upon the trust fund as the result of premiums paid for the bonds. On the contrary, we know that for thirty-three years the trustees have been setting aside such a fund with the approval expressed in writing of all the beneficiaries under the will.

When for many years, irrespective of income tax, persons directly interested have consistently acted upon the view that income is not to be distributed, we are not inclined to recognize the right of the Government to adopt a contrary view as the basis of tax. *Appeal of William E. Scripps*, 1 B. T. A. 491; *Mary L. Barton, Trustee*, v. *Commissioner*, 5 B. T. A. 1008.

We can not say, therefore, that the amount of $433.39 set aside by the trustees in 1922 in a sinking fund was distributable to the beneficiary taxpayer, Kate M. Simon, within the meaning of that word as used in section 219 (d) of the 1921 Act. The Commissioner was in error in determining that this amount was income to her.

*Judgment of no deficiency will be entered for the petitioner.*